IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CARLOS HERNANDEZ, | |
|     Petitioner, | CIVIL ACTION NO.: 5:20-cv-149 |
| v. | |
| TRACY JOHNS, | |
|     Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Petitioner Carlos Hernandez's ("Hernandez") failure to comply with the Court's January 12, 2021 Order and Respondent's Motion to Dismiss. Docs. 6, 7. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Hernandez's Petition for failure to follow the Court's Order, **GRANT as unopposed** Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hernandez leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Hernandez his suit is due to be dismissed. As indicated below, Hernandez will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

On November 23, 2020, Hernandez filed his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. After he paid the requisite filing fee, this Court directed service of Hernandez's Petition. Doc. 3. On January 11, 2021, Respondent filed a Motion to Dismiss, stating Hernandez has been provided with his requested relief and his Petition is moot. Doc. 6. The Court directed Hernandez to respond to the Motion to Dismiss. Doc. 7. The Court advised Hernandez his failure to respond would result in the dismissal of his Petition based on his failure to respond to an Order of the Court and could result in the Court granting Respondent's Motion to Dismiss as unopposed. Id. That Order was not returned to the Court as undeliverable or as otherwise failing to reach Hernandez. Hernandez did not respond to the Court's Order or Respondent's Motion to Dismiss.

**DISCUSSION**

The Court must now determine how to address Hernandez's failure to comply with this Court's Order. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Hernandez's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Hernandez leave to appeal *in forma pauperis*.

**I.     Dismissal for Failure to Follow This Court's Order**

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x

---

[2]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. However, in this case, Hernandez was forewarned of the consequences of failing to respond to this Court's Order and the Motion to Dismiss. Doc. 7.

2

716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Hernandez failed to follow this Court's Order or to otherwise respond to the Motion to Dismiss, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so.  Doc. 7.  Thus, the Court should **DISMISS without prejudice** Hernandez's § 2241 Petition.  Doc. 1.

**II.     Leave to Appeal *in Forma Pauperis***

The Court should also deny Hernandez leave to appeal *in forma pauperis*.  Though Hernandez has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v.

4

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Hernandez's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Hernandez *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Hernandez's Petition for failure to follow the Court's Order, **GRANT as unopposed** Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Hernandez leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in

5

whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA